Contractor and Surety appeal from a judgment for Subcontractor in a suit on a payment bond, and from a denial of their motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. We affirm.
Subcontractor, Eason Plumbing Electrical Contractors, Inc., sought to recover on a payment bond for work performed and materials furnished in the construction of the Goose Pond Colony and Recreation Complex in Scottsboro, Alabama. Contractor, Chris C. Rush, doing business as the Rush Building Company, Inc., was the prime contractor and the principal under the payment bond. Surety, Great American Insurance Company, was the surety under the payment bond, which was payable to the "Public Park and Recreation Board of the City of Scottsboro." After giving written notice to Surety of its claim for plumbing, heating and air conditioning work performed, Subcontractor brought this suit for $19,082.85 allegedly due on its contract, plus interest and attorneys' fees. The jury found for Subcontractor and assessed damages in the amount of $14,800.00.
The basis of Contractor's and Surety's appeal is that the trial court erred in denying their motion for judgment n.o.v. or for a new trial based on an improper award of attorneys' fees to Subcontractor. They contend that attorneys' fees could be awarded only under the public bonding statute, § 39-1-1
(Code 1975), but that the bond in this case does not meet the requirements of that statute, since it is not "payable to the state, county or municipal corporation or subdivision letting the contract." It is contended that the "Public Park and Recreation Board of the City of Scottsboro" is a public corporation, not a subdivision of a municipal corporation.
Rule 50 (b), ARCP, dealing with a motion for judgment n.o.v., states: "Not later than 30 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict * * *" (Emphasis added.) The record does not show that either Contractor or Surety moved for a directed verdict. A motion for a directed verdict is a prerequisite to a motion for judgment n.o.v. Starling v. Gulf Life Insurance Company,382 F.2d 701 (5th Cir. 1967). The trial court's denial of the motion for judgment n.o.v. was proper.
In support of their alternative motion for a new trial, Contractor and Surety stated *Page 518 
eight grounds, two of which deal with the question of attorneys' fees:
 "7. Attorney for plaintiffs was not entitled to an attorney's fee and that portion of the jury's verdict relating to an attorney's fee was erroneous and would require a new trial.
 "8. Plaintiff was not entitled to an award of attorney's fees under the law."
There are two reasons why there was no error in overruling the motion for new trial.
First, the assertion of these grounds comes too late when they are raised for the first time in a motion for a new trial. The complaint claimed damages plus attorneys' fees in Count One, and on the common counts in Count Two. The answer consisted of several special defenses and a general denial. The pre-trial order included a statement of the positions of the parties, but there was no indication that Contractor or Surety challenged the applicability of the public bonding statute or Subcontractor's right to recover attorneys' fees. An attorney testified for Subcontractor at trial as to what a reasonable attorney's fee would be, with no objection by Contractor or Surety. There was no motion for directed verdict on the issue of attorneys' fees, nor was there any request to charge the jury that they could not award attorneys' fees. Moreover, the court orally charged the jury as to attorneys' fees. There was no objection or exception to the charge. Thus, it is apparent that the trial judge was never called upon to rule on the question of attorneys' fees during the trial. Nothing was brought to his attention to suggest that Contractor or Surety challenged the award of attorneys' fees until their motion for a new trial after the verdict had been returned by the jury. A motion for a new trial cannot replace a timely objection or exception which could, and should, properly be made during the trial. Ritchey v. State, 293 Ala. 265, 302 So.2d 83 (1974).
Second, it is not apparent from the record that the jury verdict included an award of attorneys' fees. Count One of the complaint is a claim against a payment bond, seeking damages of $19,082.85 plus interest, attorneys' fees and costs. Count Two is a claim for work and labor done, seeking damages of $19,082.85 plus interest and costs. The jury returned a general verdict as follows: "We, the Jury, find the issues in favor of the plaintiff against the defendants and assess the Plaintiffs damages at $14,800.00." It does not appear under which count the verdict was returned, nor does it appear that any part of the $14,800.00 award was for attorneys' fees. Moreover, the verdict returned was less than the balance claimed by Subcontractor without attorneys' fees.
Contractor and Surety state in their brief that the jury returned an erroneous verdict at one point in its deliberations and that the verdict included a specific percentage for an attorney's fee. The record discloses a brief exchange between the judge and jury, and while it is unclear what the exact problem was concerning the verdict, the only element of damages mentioned was interest. Attorneys' fees were not discussed.
For the foregoing reasons, this cause is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.