407 So.2d 892 (1981)
Mark MIKENAS, Appellant,
v.
STATE of Florida, Appellee.
No. 49928.
Supreme Court of Florida.
November 5, 1981.
Rehearing Denied January 28, 1982.
Judge C. Luckey, Jr., Public Defender for the Thirteenth Judicial Circuit, Bruce P. Cury, Chief Asst. Public Defender, Tampa, and Jerry Hill, Public Defender for the Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen. and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
*893 ADKINS, Justice.
This is the second appeal taken from a sentence of death imposed after a conviction for murder in the first degree. On the first appeal, we affirmed the conviction, but remanded the case to the trial court for resentencing without further deliberations by a jury. Mikenas v. State, 367 So.2d 606 (Fla. 1979). The trial court had improperly considered the fact that defendant had a substantial history of prior criminal activity as an aggravating circumstance.
Upon remand, defendant filed a Motion for Evidentiary Hearing and Advisory Sentence by Jury. The court denied this motion and subsequently sentenced defendant to death. In the findings of fact in support of the death penalty, the court listed the presence of all the aggravating circumstances which were present in relation to the original sentence with the exception of the nonstatutory circumstance of substantial history of prior criminal activity. For mitigating circumstances, the judge listed the age of the defendant at the time of the offense (22) as possibly constituting a mitigating offense.
Defendant raises the following four issues on appeal: the trial court erred by (1) refusing to impanel an advisory jury, (2) failing to consider and weigh evidence of statutory and nonstatutory mitigating factors, (3) finding that the murder was committed both for pecuniary gain and in perpetration of a robbery and (4) failing to strike all or part of the presentence investigation. We find merit in none of these arguments and accordingly affirm the sentence.
In our original decision, we specifically remanded for resentencing "without further deliberations by a jury." 367 So.2d at 610. Defendant contends that a contrary procedure is dictated by Elledge v. State, 346 So.2d 998 (Fla. 1977), wherein we set aside a death sentence and remanded for a new sentencing trial because the trial court had considered as a nonstatutory aggravating factor evidence concerning an alleged murder not within the res gestae of the murder for which the defendant was being tried and which had not resulted in a conviction at the time of the trial. However, Elledge is not relevant. In this case, the evidence itself was not improper, only the manner in which it was considered by the court in its findings of fact. It was not improper for the jury or court to consider the evidence of defendant's prior criminal history in relation to the mitigating circumstance it was obviously intended to counter, that is, the lack of a significant history of prior criminal activity.
The situation in the case sub judice is similar to that in Fleming v. State, 374 So.2d 954 (Fla. 1979), wherein we held that the trial court erred in finding an aggravating circumstance. Therein, we also remanded for resentencing by the court without further recommendation from the jury. Similar to the situation here, the error there had occurred in the court's specific findings and was therefore to be corrected by the court rather than the jury.
In relation to defendant's second point, defendant argues that the new testimony heard by the court was not considered properly in its findings. The testimony heard consisted of two psychologists concerning the possibility of defendant's rehabilitation and a minister concerning his alleged progress in religion. Their testimony was not considered as a mitigating circumstance by the court. The testimony was apparently permitted by the trial court in an abundance of fairness to defendant, but the court was not required to give it weight as a mitigating circumstance.
The facts herein are similar to those in Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), a death sentence case where we remanded for resentencing because of an apparent noncompliance with guidelines announced in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Upon remand, the trial judge refused to take testimony from prison inmate character witnesses. In upholding the trial court's denial of issuance of subpoena for this purpose, we stated that appellant had *894 been afforded ample opportunity to present evidence in mitigation in the original sentencing proceeding. The same reasoning applies here.
Defendant's third point is equally unavailing. The trial court found that the capital felony was committed while the defendant was engaged in the commission of a robbery and also that it was committed for pecuniary gain. In its finding concerning the "pecuniary gain" circumstance, the court specifically stated that it was considered in conjunction with "robbery" circumstance. This is not contrary to the dictates of Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977), wherein we held that in all robbery-murders only one of these two aggravating circumstances can be found. We assume that the judge had Provence in mind when he specifically considered these two circumstances in conjunction. The word "conjunction" itself connotes a joining together to form one. While it may have been better practice to omit one of the factors completely in deference to the other, we cannot say that failure to do so is error.
Defendant's last point concerning the presentence investigation report is without merit. The trial court is entitled by Rule 3.710, Florida Rules of Criminal Procedure, to draw its own conclusion from information in the report in capital cases. Swan v. State, 322 So.2d 485 (Fla. 1975). In accordance with the dictates of Gardner, supra, the defendant was provided an opportunity to rebut.
Accordingly, the sentence of death is hereby affirmed.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.