BOWEN, Presiding Judge.
Joel Ray Holcomb pleaded guilty to, and was convicted of, the capital robbery-murder of Rex Wayne Mauldin, a capital offense, as defined by Alabama Code 1975, § 13A-5-40(a)(2). In accordance with the plea bargain agreement, he was sentenced to life without parole.
Initially, Holcomb had gone to trial on pleas of not guilty and not guilty by reason of mental disease or defect. After almost three days of testimony from twenty-five witnesses, the State rested. At that time, defense counsel indicated that their client would plead guilty. One defense counsel stated that he “felt the testimony was a little bit overwhelming.”
The record shows that the guilty plea was intelligently, knowingly, and voluntarily entered and that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were satisfied. The record also shows that the trial court followed the proper procedure in accepting Holcomb’s guilty plea to a capital offense. § 13A-5-42.
Holcomb now argues that his guilty plea was involuntary because he was not advised “concerning the possibility of lesser included offenses” of which he “might” have been guilty. Appellant’s brief, p. 5. This contention is without merit. We know of no authority and have been cited to none which requires an accused to be informed of the elements of any lesser included offenses of the offense to which he is pleading guilty. Here, before accepting Holcomb’s guilty plea, the trial court ascertained that Holcomb was “entering this plea of guilty to capital murder because [he was], in fact, guilty of that offense.”
Furthermore, we note that Holcomb did not challenge his guilty plea in the circuit court. “[B]efore an issue raising the validity of a guilty plea is cognizable in this Court, the issue must be first presented to the trial court by timely objection, a motion to withdraw the guilty plea, or motion for new trial.” Willis v. State, 500 So.2d 1324, 1324 (Ala.Cr.App.1986). Holcomb is precluded from challenging his plea on appeal because he failed to present the claimed error to the trial court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.