The appellant, Douglas Brown, was indicted for the unlawful distribution of cocaine. With the appellant's consent, the indictment was amended to charge him with the unlawful possession of cocaine. The appellant pleaded guilty to the amended charge, was adjudicated guilty of that charge, and was subsequently sentenced to ten years' imprisonment. He was also fined $500 and was ordered to pay $50 to the Crime Victims' Compensation Fund.
The same court appointed attorney represented the appellant at both the plea proceeding and the subsequent sentencing hearing. Although appointed counsel filed notice of appeal on the same date that sentence was imposed, he did not raise any objections at either the plea proceeding or the sentencing hearing, nor did he challenge the plea by way of a motion to withdraw the plea or a motion for new trial.
On May 22, 1992, appointed counsel filed an appellate brief that did not comply with Anders v. California, 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[1] On May 26, 1992, this Court issued a written order directing appointed counsel to furnish the appellant with a copy of the previously filed brief and granting the appellant "until June 16, 1992, to serve [appointed] counsel and this Court with a list of each and every point or issue" that the appellant wished to have considered on appeal. This order also provided that "[i]f counsel finds that any of the points or issues identified by the appellant are arguable on the merits, counsel shall have until July 7, 1992, to file a supplemental brief and argument regarding the same."
On June 15, 1992, current appellate counsel, who appears to have been retained, filed a notice of appearance with this Court. Appellate counsel also filed a list of issues on appeal, and, on July 7, 1992, filed a supplemental brief arguing those issues. In this brief, appellate counsel challenges *Page 1196 
the competence of appointed trial counsel and the determination of the sentence imposed on the appellant. The brief filed by the State on August 18, 1992, after a 14-day extension was granted, does not address the issues raised in the supplemental brief. Instead, the State responds only to the insufficientAnders brief filed by appointed trial counsel.
 I
As noted above, no objection was made at the plea proceeding and the plea was not challenged by a motion to withdraw or a motion for new trial. The appellant concedes in brief that he may not challenge the validity of the plea for the first time in this appeal. See Willis v. State, 500 So.2d 1324
(Ala.Cr.App. 1986); Toles v. State, 572 So.2d 1325, 1326
(Ala.Cr.App. 1990); Kirby v. State, 563 So.2d 56, 57
(Ala.Cr.App. 1990); Holcomb v. State, 519 So.2d 1378, 1379
(Ala.Cr.App. 1988). Instead, he claims that appointed counsel was ineffective in failing to challenge, at the trial level, the validity of the guilty plea. In support of this claim, the appellant asserts that he had entered into a plea bargain that was not made known to the trial court at the time he entered his guilty plea. He maintains that there was a breach of this plea bargain agreement and that counsel should have objected to the entering of the plea or, alternatively, should have filed a motion to withdraw the plea.
In Ex parte Jackson, 598 So.2d 895, 897 (Ala. 1992), the Alabama Supreme Court made it very clear that "a claim of ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court," even when appellate counsel is different from trial counsel.[2] Because the appellant's claim of ineffective assistance of counsel was never presented to the trial court, that claim may not be considered in this appeal. The appellant's remedy is to file a petition for relief from his conviction under Rule 32, A.R.Crim.P. See Ex parte Jackson, 598 So.2d at 898; Ex parteLockett, 548 So.2d 1045, 1048 (Ala. 1989).
 II
The appellant also asserts that the trial court improperly permitted the probation officer to determine the sentence to be imposed upon him.
The appellant pleaded guilty to the unlawful possession of cocaine, which is a Class C felony. Ala. Code 1975, §13A-12-212(b). The judge before whom the appellant's plea was entered[3] correctly informed the appellant that this offense was "punishable by imprisonment for from one year and one day to ten years in the penitentiary [and] by payment of a fine not to exceed five thousand dollars." PR. 4.[4] See §§ 13A-5-6(a)(3);13A-5-11(a)(3). The plea judge also correctly informed the appellant that he would be required to pay "not less than fifty dollars nor more than ten thousand dollars to the Victims' Compensation Fund." PR. 4. See § 15-23-17(b). When the judge asked if the appellant "underst[oo]d that range of punishment," the *Page 1197 
appellant replied affirmatively. PR. 4. The plea judge also ascertained that the appellant "underst[oo]d that the district attorney may make a recommendation as to sentence in this case; but that the sentencing judge is not bound by it, and he may set any sentence within the range [previously described]." PR. 4.
The sentence hearing was held less than a month later and was held before a different judge.[5] This hearing was extremely short, taking less than two and one-half pages of the transcript. The sentencing judge first "studie[d] the presentence report," then asked the appellant if he had "anything to say as to why sentence of law should not be pronounced upon him at this time." SR. 4. Defense counsel stated that a codefendant had been acquitted and that the appellant had entered a guilty plea "due to the difficulty the undercover officer had in identifying this defendant." Id.
Without responding to defense counsel's comments, the sentencing judge confirmed that two felony convictions appearing on the presentence report occurred after the instant offense and "did not apply for the purpose of the Habitual Offender Statute." Id. The following then occurred:
 "THE COURT: Okay. Mr. McCollough, there is nothing in this report relative to sentencing.
 "PROBATION OFFICER McCOLLOUGH: Recommend the maximum sentence.
 "THE COURT: I hereby sentence you to imprisonment in the penitentiary of the State of Alabama for a period of ten years. I order you to pay a fine of five hundred dollars. There is no restitution in this case and I order you to pay a victims' compensation assessment of fifty dollars. You will have credit for all time spent incarcerated pending trial. You have forty-two days in which to file an appeal.
 "MR. DECKER [Defense Counsel]: We make oral notice for an application for probation.
"THE COURT: You are applying for probation?
"MR. DECKER: Yes, sir.
 "THE COURT: And, based on Mr. Brown's extensive record of criminal involvement, including two felonies in the State of Georgia, I am denying the request for probation.
"MR. DECKER: Yes, sir."
SR. 5-6. After an off-the-record conference between the appellant and defense counsel, the sentence hearing was concluded.
There was clearly no objection to the sentence on any ground at the sentence hearing. As we have previously noted, the appellant's guilty plea was not challenged by way of a motion to withdraw the plea or a motion for new trial. The record does not contain a motion for reconsideration of sentence. Consequently, the appellant's contention that the sentencing judge improperly permitted the probation officer to determine his sentence was not properly preserved for appellate review. See, e.g., Ex parte Yeung, 489 So.2d 1106, 1110 (Ala. 1986) (where defendant failed to object to trial court's "setting aside the original sentence he imposed and resentencing [the defendant] to a more severe sentence pursuant to a motion by the State," that issue was not properly before the Alabama Supreme Court); Garrick v. State, 589 So.2d 760, 764-65
(Ala.Cr.App. 1991) (where defendant failed to assert before the trial court that the school yard enhancement statute (§13A-12-250) was unconstitutional, that issue was not preserved for appellate review); Jordan v. State, 574 So.2d 1024, 1025
(Ala.Cr.App. 1990) (where defendant failed to "object to his sentence at the sentencing hearing" and did not "file a motion for reconsideration based upon the [trial] court's consideration of allegedly improper facts at the sentencing hearing," that issue was not preserved for appellate review).
We are aware that there are a few sentencing issues that may be raised on appeal regardless of whether the issue was asserted before the trial court. "[W]hen a sentence is clearly illegal or is clearly not *Page 1198 
authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review." Ex parte Brannon, 547 So.2d 68 (Ala. 1989) (citingBartone v. United States, 375 U.S. 52, 84 S.Ct. 21,11 L.Ed.2d 11 (1963)), quoted in Ex parte Vinson, [Ms. 1901430, September 18, 1992], 1992 WL 228126 (Ala. 1992). The Alabama Supreme Court has also indicated that the failure to inform a defendant of the range of punishment for the crime to which he is about to plead guilty is a jurisdictional defect which may be raised at any time, regardless of whether an objection was raised before the trial judge. See Ex parte Rivers, 597 So.2d 1308
(Ala. 1991). However, neither of those circumstances are present in this case. The sentence imposed on the appellant is clearly within the permitted statutory range, see § 13A-5-6(a)(3), and, as noted above, the judge before whom the plea was entered correctly informed the appellant of the sentencing range.
Moreover, "[w]here a trial judge imposes a sentence within the statutory range, this Court will not disturb that sentence on appeal absent a showing of an abuse of the trial judge's discretion." Alderman v. State, [Ms. CR 91-82, March 27, 1992], 1992 WL 92512, *9 (Ala.Cr.App. 1992).[6] Had this issue been properly preserved, this Court would find no abuse of discretion in the sentencing judge's actions. It is clear from the record that the sentencing judge reviewed the presentence report. It is also apparent from his comment in denying the appellant's request for probation that the judge considered the appellant's past criminal history in imposing sentence. We note that after the instant offense occurred, but prior to the entry of the guilty plea, the appellant was convicted in Georgia for possession of cocaine and was sentenced to 15 years' imprisonment on that conviction. CR. 27. In imposing sentence, a judge may properly consider the defendant's "previous convictions," as well as "criminal activity that did not result in a conviction." Jackson v. State, 501 So.2d 542, 548
(Ala.Cr.App. 1986), cert. denied, 483 U.S. 1010, 107 S.Ct. 3242,97 L.Ed.2d 746 (1987). Although the sentencing judge permitted the probation officer to make a recommendation regarding sentence, the record refutes the appellant's contention that the judge abdicated his sentencing responsibilities to the probation officer.
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] In Anders, the United States Supreme Court stated:
 "[I]f counsel finds [the indigent's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." 386 U.S. at 744, 87 S.Ct. at 1400.
In this case, appointed counsel did not request permission to withdraw until some two weeks after the brief was filed and the certificate of service on the brief stated only that a copy of the brief had been served on the Attorney General.
[2] In Ex parte Jackson, which was originally released on February 28, 1992, the Alabama Supreme Court also adopted a new procedure whereby newly appointed appellate counsel may request that the time for filing a motion for new trial (one of the grounds of which may be a claim of ineffective assistance of trial counsel) be extended until the court reporter has prepared the trial transcript. 598 So.2d at 897-98. We note that the circumstances of the present case did not permit appellate counsel to take advantage of this new procedure.
[3] District Judge Joseph J. Masters presided at the appellant's plea proceeding. This, of course, was entirely proper. See §12-12-32(b)(1) ("[t]he district court may exercise original jurisdiction concurrent with the circuit court to receive pleas of guilty in prosecutions of offenses defined by law as felonies not punishable by sentence of death").
[4] Two different court reporters were present at the plea proceeding and the sentence hearing. The record before us contains the transcripts of both proceedings, with each transcript numbered separately, beginning with page 1. To avoid confusion, we will refer to the transcript of the plea proceeding as "PR. ___," and to the transcript of the sentence hearing as "SR. ___." The clerk's portion of the record, which is also separately numbered, beginning with page 1, will be referred to as "CR. ___."
[5] Circuit Judge Michael A. Crespi was the sentencing judge.
[6] The exception to this general rule is that "the appellate courts may review a sentence, which, although within the prescribed limitations, is so disproportionate to the offense charged that it constitutes a violation of a defendant's Eighth Amendment rights." Ex parte Maddox, 502 So.2d 786 (Ala. 1986). The application of this exception has not been raised and the exception does not apply to this case.