On January 27, 1994, the appellant pleaded guilty to four counts of robbery in the third degree. He was sentenced as a habitual offender to life imprisonment on each conviction, with the sentences to run concurrently. On January 31, the appellant, acting pro se, filed a Rule 32, Ala.R.Cr.P., petition on the ground that his sentences were excessive or otherwise unauthorized by law. On February 3, the trial court summarily dismissed the petition as being without merit. On February 8, the appellant, acting pro se, filed a written notice of appeal "from the denial of resentencing under Rule [32], Alabama Rules of Criminal Procedure." On March 25, following the filing of the record on appeal, the court reporter notified this Court that the appellant was appealing from his original convictions and not from the denial of the Rule 32 petition. The record was supplemented to include the record of the appellant's original convictions. Also, on March 25, the trial court ordered that the appellant be allowed to appeal in forma pauperis; that he be provided a free transcript and the services of an attorney if he wanted to be represented on appeal; and that he be sent a copy of the trial court's order.
However, nothing further appears in the record with regard to the appellant's representation by counsel on appeal. Rule 6.1(b), A.R.Cr.P., provides that a defendant may waive his right to counsel in writing or on the record, after the trial court has ascertained that he knowingly, intelligently, and voluntarily desires to forgo that right.
Because no waiver appears in the record filed with this Court, this cause must be remanded to the trial court, in order for that court to determine whether the appellant desires to waive his right to be represented by an attorney on his direct appeal. A return should be filed with this Court within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.