This case, here on certiorari review from the Court of Civil Appeals, presents a question about the power of a trial judge to grant a motion for new trial on the specific ground that the moving parties had been prejudiced by a three-week recess in the middle of the trial, in view of the fact that the moving parties had objected to the trial court's granting of a mistrial requested by the other party during the trial, and had objected to the trial court's offer "on several occasions to grant a mistrial." The issue is whether a party can oppose the granting of a mistrial, assent to a continuation of the trial, even though the trial judge offers to declare a mistrial and to grant a new trial, and then claim that the delay of the trial was prejudicial.
John Kennemer and Lacy Kennemer sued Robert Eaton, a contractor, seeking damages for alleged defects in a house he had built for them. The trial judge had told the parties *Page 1301 
before the trial began that he would have to recess the trial for two weeks if the parties decided that they wanted to start the trial on the scheduled date of February 15, 1994.[1] The record shows that the parties agreed to proceed, cognizant that there would be an adjournment in the middle of the trial.
The trial began as scheduled and continued through February 18; on that date the trial was recessed until March 7. During this adjournment of the trial, on March 1, 1994, one of the plaintiffs, John Kennemer, suffered a heart attack and was hospitalized. Because of Kennemer's hospitalization, the trial court extended the recess until March 21.
On March 1, the defendant, Eaton, moved for a mistrial based on the extension of the recess, arguing that this delay would impair the jury's ability to render a decision; the trial court overruled this motion. On March 7, Mr. Eaton orally renewed his motion for a mistrial, which the trial court likewise denied. On March 21, the day the trial resumed, an altercation occurred between the parties; responding to the altercation, the trial judge stated that he was going to reconsider Eaton's motion for a mistrial. Counsel for both sides requested that the trial judge not declare a mistrial at that time, because the trial was almost completed. The trial judge resumed the trial, which ended the next day and the jury returned a $10,000 verdict for the plaintiffs.
Following the verdict, the plaintiffs moved for a new trial, citing nine grounds, among them the argument that the long delay had prejudiced the jury. The trial judge agreed and granted the plaintiffs' motion, stating that "due to the long delays that occurred during the course of this trial . . . the jury was most likely to forget the evidence that had been presented in court."[2] Eaton appealed this ruling to the Court of Civil Appeals, which affirmed without an opinion, as authorized by Rule 53, Ala.R.App.P. We granted Eaton's petition for certiorari review.
It is undisputed that the plaintiffs, dissatisfied with the jury verdict, were given a new trial because the trial judge found that the long delay in the middle of the trial had prejudiced the plaintiffs. It is also undisputed that the plaintiffs had opposed the granting of Eaton's motion for a mistrial during the course of the trial and had assented to allowing the jury to render a verdict on the evidence presented, even though the trial judge had offered the day before to declare a mistrial on the grounds that the long delay could affect the jury's ability to fairly decide the case.
Eaton argues that the plaintiffs should not have been allowed to oppose his motion for mistrial, gamble on the verdict of the jury, and then, after being disappointed with the verdict, move for a new trial on the same grounds they had previously opposed. We agree with this argument. In Rush v. Eason Plumbing Electrical Contractors, Inc., 361 So.2d 516, 518 (Ala. 1978), this Court held that "[a] motion for a new trial cannot replace a timely objection or exception which could, and should, properly be made during the trial." Although Rush is factually distinguishable from this case, it stands for the proposition that a party cannot allow a trial to be conducted, and then, on a motion for a new trial, raise arguments that should have been presented during trial.
This Court has assiduously applied the rule that a party may not wait until after a verdict has been rendered before objecting to a procedural defect, if the objection could *Page 1302 
have been raised in a timely manner. See, e.g., Ritchey v.State, 293 Ala. 265, 302 So.2d 83 (1974); Tucker v. Tucker,248 Ala. 602, 28 So.2d 637 (1946); Geter v. Central Coal Co.,149 Ala. 578, 43 So. 367 (1907); Hall v. Hall, 421 So.2d 1270
(Ala.Civ.App. 1982). For example, in Davis v. Davis, 474 So.2d 654,656 (Ala. 1985), this Court held that "[t]he law does not permit a litigant with knowledge of previously unserved pleadings and documents to go to trial, gamble on a favorable outcome at the hands of the jury, and then, if he loses, raise this deficiency for the first time on a post-trial motion for a new trial." This rule is necessary to ensure fairness at trial, and it supports the public interest in judicial economy.
In the case sub judice, the plaintiffs had three opportunities to object to the delay in the trial and to claim that such a delay would be prejudicial, but they did not object. Instead, the plaintiffs objected to the trial court's declaring a mistrial based on the delay and they assented to the continuation of the trial, even though the trial judge offered "on several occasions to grant a mistrial."
As we read our prior cases, they require that a party not be given a new trial based on facts such as those presented in this case. Although the plaintiffs argue that they raised eight additional grounds for a new trial, the record, particularly the order entered by the trial judge, reflects that the judge granted the new trial based solely on the delay that had occurred during the trial. Therefore, we find unpersuasive the fact that the plaintiffs may have offered eight other grounds for a new trial.
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals and remand the cause to that Court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, KENNEDY, and COOK, JJ., concur.
[1] The initial delay was a result of previous obligations of the trial judge, which had arisen before this case came to trial.
[2] In granting the motion, the trial judge made the following findings of fact:
 "It is further the opinion of the Court, and this Court offered on several occasions to grant a mistrial, however, the attorneys chose not to allow the Court to allow a mistrial. The Court at the time was of the opinion that due to the long delays that occurred during the course of this trial that the jury was most likely to forget the evidence that had been presented in court. Prior to the conclusion of the case beginning on March 21, the Court was of the opinion that the delay may have caused the jury to forget some of the evidence that had been presented and would unduly prejudice the parties involved. The Court is still of that opinion, which was not the fault of any of the parties, the attorneys, or the Court."