On Remand from the Alabama Supreme Court
The original opinion in this case, released on December 30, 1999, was authored by another judge on the Court of Criminal Appeals. This case was reassigned to Judge Shaw on January 16, 2001, after remand by the Alabama Supreme Court. *Page 584 
Bruce Wykine Adams was convicted of possession of marijuana in the second degree, a violation of § 13A-12-214, Ala. Code 1975, and was sentenced to one year's imprisonment. On December 30, 1999, this court reversed Adams's conviction, holding that the trial court had erred in denying Adams's motion to suppress the marijuana evidence seized from his front pants pocket during a search of his person. See Adams v. State,815 So.2d 574 (Ala.Crim.App. 1999). Specifically, this court held that the search of Adams's person, following a traffic stop of the vehicle in which Adams was a passenger, exceeded the constitutionally permissible scope of Terry v. Ohio, 392 U.S. 1 (1968), and that there was no probable cause to justify a search of Adams beyond the scope of Terry.
The Alabama Supreme Court granted the State's petition for certiorari review and reversed this court's judgment. See Adams v. State,815 So.2d 578 (Ala. 2001). The Supreme Court found it unnecessary to address whether the search of Adams's person exceeded the scope of Terry
because it found that there was probable cause to arrest Adams for possession of marijuana and that, therefore, the search of Adams's person was a valid search incident to a lawful arrest. The Court said:
 "The totality of the facts and circumstances personally known to Officers Eissler and Mitchum were sufficient to give them probable cause to believe that Adams possessed marijuana. When he approached the automobile, Officer Mitchum smelled marijuana. When Officer Mitchum asked Williams [the driver of the automobile] whether he had been smoking marijuana, Williams answered that he had. When Officer Mitchum ordered Williams out of the car, Adams also got out, even though he had not been asked to. These circumstances were sufficient to establish probable cause to arrest Adams. See Blake [v. State, 772 So.2d 1200
(Ala.Crim.App. 2000)]. Because Mitchum, before conducting the search, had probable cause to arrest Adams, and because the search and the arrest were sufficiently contemporaneous, Mitchum's search of Adams's front pants pocket was a valid search incident to an arrest. Rawlings v. Kentucky, 448 U.S. 98, 111
(1980) (`Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.'). Therefore, the seizure of the marijuana was legal. Accordingly, the trial court properly denied Adams's motion to exclude the seized marijuana."
815 So.2d at 582. (Footnote omitted.) In compliance with the Alabama Supreme Court's holding, we now affirm the trial court's denial of Adams's motion to suppress and turn to the second issue presented by Adams on appeal.
Adams contends that the trial court abused its discretion in imposing the maximum sentence allowed by law — one year's imprisonment. Adams did not object to his sentence during the sentencing hearing, nor did he file a posttrial motion to reconsider his sentence; therefore, this issue is not preserved for review. See, e.g., Williams v. State,666 So.2d 859, 860 (Ala.Crim.App. 1995) (holding that the appellant's claim that he should have been sentenced to the minimum sentence allowed by law was not preserved for review where the appellant did not object at the sentencing hearing nor file a posttrial motion to reconsider his sentence); and Brown v. State, 611 So.2d 1194, 1197 (Ala.Crim.App. 1992) (holding that the appellant's claim that the sentencing judge had improperly permitted the probation officer to determine his sentence was not *Page 585 
preserved for review where the appellant did not object at the sentencing hearing nor file a posttrial motion to reconsider his sentence).
Moreover, even if this issue had been preserved for review, there would be no basis for vacating Adams's sentence. It is well settled that "[w]here a trial judge imposes a sentence within the statutory range, this Court will not disturb that sentence on appeal absent a showing of an abuse of the trial judge's discretion." Alderman v. State,615 So.2d 640, 649 (Ala.Crim.App. 1992). "The exception to this general rule is that `the appellate courts may review a sentence, which, although within the prescribed limitations, is so disproportionate to the offense charged that it constitutes a violation of a defendant's Eighth Amendment rights.'" Brown, supra, at 1197, n. 6, quoting Ex parte Maddox,502 So.2d 786, 789 (Ala. 1986). Adams's sentence is within the prescribed statutory range of punishment for possession of marijuana in the second degree. See § 13A-12-214(b), Ala. Code 1975 (designating possession of marijuana in the second degree as a Class A misdemeanor); and §13A-5-7(a)(1), Ala. Code 1975 (providing that Class A misdemeanors shall be punished by not more than one year's imprisonment). Adams does not argue that his sentence violates the Eighth Amendment and the record does not otherwise reflect an abuse of the trial court's discretion.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMillan, P.J., and Cobb and Wise, JJ., concur; Baschab, J. concurs in the result.