COBB, Judge,
concurring in part and dissenting in part.
John R. Hankins was convicted in the Lamar District Court of driving under the influence of alcohol (“DUI”), a violation of § 32-5A-191(a)(2), AlaCode 1975. The district court sentenced him to serve a term of five days in jail and fined him $1,100. He appealed his conviction to the Lamar Circuit Court for a trial de novo, and he was again convicted of DUI. The circuit court sentenced him to serve 12 months in the county jail and fined him $1,500. Hankins filed a “Motion for a Judgment Notwithstanding the Verdict or in the Alternative, a New Trial,” which the circuit court denied after conducting a hearing. Hankins appealed, and the majority affirmed the circuit court’s judgment by an unpublished memorandum. I respectfully dissent from two portions of that memorandum.
First, I disagree with the majority’s assertion that Hankins was not entitled to relief because “it appears that [Hankins] was sentenced by different judges in the district court and in the circuit court. Therefore, the presumption of vindictiveness does not apply in this case.” Hankins v. State. I believe this is an incorrect statement of the law. It is possible for a defendant to prove vindictiveness in sentencing where he has been sentenced by different judges. See Ex parte Fowler, [Ms. CR-00-2513, November 2, 2001] - So.2d - (Ala.Crim.App.2001)(comments by a circuit court on appeal de novo from the district court were evidence of the trial court’s vindictive attitude).
Second, I disagree with the majority’s determination that Hankins had failed to preserve his claim that his sentence was the result of vindictiveness even though the claim was presented to the trial court for the first time in a posttrial motion. I believe that this is an incorrect statement of the law and that the majority’s reliance on Harris v. State, 794 So.2d 1214 (Ala.Crim.App.2000), as authority for this proposition is erroneous.
*1047 Harris is clearly distinguishable. After sentencing, Harris filed a motion for a new trial, arguing that the sentence enhancement found in § 13A-12-270, Ala.Code 1975, was unconstitutional on the grounds that it violated his right to equal protection. This Court ruled that Harris’s claim was not preserved for review because Harris failed to object and to receive an adverse ruling at the sentencing hearing. The ruling was based on caselaw stating that “[t]he grounds urged on a motion for a new trial must ordinarily be preserved at trial by timely and specific objections.” Trawick v. State, 431 So.2d 574, 578-79 (Ala.Crim.App.1983), citing Smith v. State, 393 So.2d 529 (Ala.Crim.App.1981).
Harris can be distinguished from the instant case. First, Harris was challenging the constitutionality of a statute that was in existence before his conviction. Second, at the conclusion of the guilt phase of the proceedings, the State, in open court, informed the defense of its intent to invoke the provisions of the statute at sentencing. Thus, Harris was challenging a statute, not his sentence, and he knew before sentencing that the statute would be applied to his sentence. Clearly, Harris’s equal-protection challenge to § 13A-12-270, Ala.Code 1975, became cognizable before sentencing and should, at the very least, have been raised during sentencing proceedings. For these reasons, the challenge in Harris was not preserved when it was raised for the first time in a posttrial motion. To hold otherwise would be to sanction action similar to where a defendant is aware of a deficiency in the proceedings but remains silent, “ ‘gambling] on a favorable outcome at the hands of the jury, and then, if he loses, rais[ing] this deficiency for the first time on a post-trial motion for a new trial.’ ” Ex parte Eaton, 675 So.2d 1300, 1302 (Ala.1996)(quoting Davis v. Davis, 474 So.2d 654, 656 (Ala.1985)). This is not permitted in order “to ensure fairness at trial, and ... [to] support[] the public interest in judicial economy.” Ex parte Eaton, 675 So.2d at 1302.
In the instant case, Hankins presented a due-process claim by asserting, in essence, that because he pursued his right to an appeal, the circuit court vindictively imposed a greater sentence after his conviction. Hankins’s case differs from Harris in the following ways. Hankins was challenging the actual sentence imposed, and he did not know before sentencing that he would receive that sentence. Hankins had no issue to raise until sentence was imposed. Thus, this claim could not have been raised before sentencing. To hold otherwise would be to place a defendant in the position of predicting sentencing errors and would force a surprised and shocked defendant to voice his concerns before discussing the matter with counsel. However, unlike the majority, I do not believe that the failure to challenge the sentence at the sentence hearing barred it from appellate review. This Court has long held that a posttrial motion to reconsider or amend a sentence preserves for appellate review challenges to the sentence imposed. See Pickron v. State, 475 So.2d 593, 598 (Ala.Crim.App.1984), aff'd, 475 So.2d 599 (Ala.1985)(“Although a motion to amend the sentence does not come within the precise language of Rule [24.3], [Ala. R.Crim.P.,[1]] we think it is within the coverage thereof in light of the clear intent of Rule [24.3] captioned ‘Post Trial Motions.’”); Bishop v. State, 690 So.2d 502, 510 (Ala.Crim.App.1996)(the appellant failed to preserve claim that sentence was excessive where there was no objection to sentence and no motion for a new trial or motion to reconsider his sentence present *1048 ed to the trial court); Greenhill v. State, 746 So.2d 1064, 1071 (Ala.Crim.App.1999) (hearing held on State’s motion to reconsider sentence); Jordan v. State, 574 So.2d 1024, 1025 (Ala.Crim.App.1990)(where defendant failed to “object to his sentence at the sentencing hearing” and did not “file a motion for reconsideration based upon the [trial] court’s consideration of allegedly improper facts at the sentencing hearing,” that issue was not preserved for appellate review); Williams v. State, 666 So.2d 859, 860 (Ala.Crim.App.1995)(appellant’s claim that he should have been sentenced to the minimum sentence allowed by law was not preserved for review where the appellant did not object at the sentencing hearing nor file a posttrial motion to reconsider his sentence); and Brown v. State, 611 So.2d 1194, 1197 (Ala.Crim.App.1992)(appellant’s claim that the sentencing judge had improperly permitted the probation officer to determine his sentence was not preserved for review where the appellant did not object at the sentencing hearing nor file a posttrial motion to reconsider his sentence); Adams v. State, 815 So.2d 583, 584 (Ala.Crim.App.2001)(appellant’s claim that trial court abused its discretion by imposing the maximum sentence allowed by law was not preserved because appellant did not object to his sentence during the sentencing hearing, nor did he file a posttrial motion to reconsider his sentence); Phillips v. State, 518 So.2d 833, 834 (Ala.Crim.App.1987)(ehallenge to 30-year sentence not preserved where there was no objection to the sentence imposed, no motion to reconsider, and no request to withdraw the guilty plea).
I concur with the remainder of the memorandum.

. Former Rule 13, Ala.R.Crim.P.Temp., is now Rule 24.3, Ala.R.Crim.P.