TYSON, Judge.
Deloris Diane Robinson was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of manslaughter. The trial court sentenced the appellant to ten years in the penitentiary pursuant to § 13A-5-6(a)(5), Code of Alabama 1975.
We will not set out the facts in this case because they are not relevant to the issue here raised on appeal.
I
The appellant contends that § 13A-5-6(a)(5), Code of Alabama 1975 is unconstitutional and therefore her conviction should be reversed.
First, the appellant argues § 13A-5-6(a)(5), Code of Alabama 1975 violates the equal protection clause of the United States Constitution because the minimum sentence for both Class B and C felonies is the same.
Section 13A-5-6(a)(5) provides:
“For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of a felony, not less than 10 years.”
In Smith v. State, [Ms. 6 Div. 977, May 31, 1983] (Ala.Cr.App.1983), this court, through Judge Bowen, stated that under this statute, the term of imprisonment for a Class B felony is ten to twenty years and for a Class C felony is exactly ten years— no more or no less.
“The rules by which classification for the purpose of legislation must be tested as against the equal protection clause are stated concisely and clearly in Wilkey v. State, ex rel. Smith, 244 Ala. 568, 582, 14 So.2d 536, 549, cert. denied, 320 U.S. 787, 64 S.Ct. 195, 88 L.Ed. 473 (1943) (quoting from Lindsley v. Natural Carbonic Gas Company, 220 U.S. 61, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911):
“ ‘1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids which is done only when it is without any reasonable basis, and therefore, is purely arbitrary.
“ ‘2. A classification having some reasonable basis does not offend against that clause merely because it is not made with *294 mathematical nicety, or because in practice it results in some inequality.
“ ‘3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.
“ ‘4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.’ ”
Hubbard v. State, 382 So.2d 577 (Ala.Cr.App.1979).
The fact that both Class B and C felonies carry the same minimum sentence does not make that classification “arbitrary”. The range of punishment differs for a Class B and a Class C felony, and simply because the terms of imprisonment happen to overlap to the slightest degree, we cannot say that the appellant was denied equal protection of the law under the Constitution of the United States.
Furthermore, “[t]he essence of the theory of equal protection of the laws is that all similarly situated be treated alike. City of Hueytown v. Jiffy Chek Co. of Alabama, 342 So.2d 761 (Ala.1977).” Hubbard v. State, supra.
The fact that persons under different circumstances than the appellant may be treated the same as the appellant does not mean the appellant did not receive equal protection. This law certainly assures that everyone convicted of a Class C felony and sentenced under § 13A-5-6(a)(5) will be treated equally, i.e. every person will be sentenced to ten years’ imprisonment. Therefore, we hold that statute withstands the appellant’s attack on equal protection grounds.
Second, the appellant claims he was denied due process of law because the trial judge had no discretion in imposing sentence.
“In our system of government the Alabama legislature makes the law, the governor executes it and the courts construe and enforce the law. The legislature alone is given the authority to fix the maximum and minimum punishment for all crimes. No discretionary power is given to the courts in this respect unless it be conferred by law. Under the mandate found in § 13A-5-9(c)(3), a criminal defendant convicted of three felonies who commits a subsequent felony must be punished by imprisonment for life without the benefit of parole. No inherent power exists in the courts to modify statutes in this respect, even where exceptional circumstances or cases exist.
“In our judgment, the Alabama Habitual Felony Offender Act, Code of Alabama, 1975, is not unconstitutional because it does not provide for the consideration of any mitigating circumstances involving the appellant recidivist.”
Holley v. State, 397 So.2d 211 (Ala.Cr.App.1981).
Certainly we may use the above reference to the Habitual Offender Act as an analogy for § 13A-5-6(a)(5). The legislature has provided that the sentence for a Class C felony is, in fact, ten years. Thus, the trial judge has no discretion in imposing sentence and therefore, must sentence an offender to ten years’ imprisonment under the section at issue. We hold the appellant was not denied due process of law under this statute.
Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.