PER CURIAM.
82-999, THE SMITH CASE
William Lincoln Smith was convicted of manslaughter in which a firearm was used, a class “C” felony, in the Circuit Court of Walker County on May 18, 1982. He was sentenced to 45 years of imprisonment pursuant to Code 1975, § 13A-5-6(a):
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
“(1) For a Class A felony, for life or not more than 99 years or less than 10 years.
“(2) For a Class B felony, not more than 20 years or less than 2 years.
“(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day.
“(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.
“(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.” (Emphasis added.)
Smith appealed his conviction and sentence to the Court of Criminal Appeals and that court affirmed his conviction but reversed his sentence on the grounds that the trial court had misconstrued the provisions of § 13A-5-6(a)(5). We agree with the opinion of the Court of Criminal Appeals. Under § 13A-5-6(a)(3) the term of imprisonment may be set at not more than 10 years. Under section (5) if a deadly weap *1336 on is used the sentence must be for at least 10 years. Section (5) must be construed to mean that the 10-year-term is both the minimum and maximum sentence which can be imposed for a Class C felony. We have very carefully considered the forceful argument made by the state that a sentencing statute which sets á minimum sentence but specifically sets no maximum, implicitly sets a maximum sentence of life imprisonment, but we are persuaded that the reasoning by the Court of Criminal Appeals is correct and that the judgment of that court is due to be affirmed.
AFFIRMED.
82-776, THE WAKEFIELD CASE
David Wakefield was indicted for capital murder, but was convicted of manslaughter, a Class “C” felony. The trial court sentenced Wakefield to 45 years of imprisonment pursuant to the provisions of Code 1975, § 13A-5-6(a)(5).
Wakefield appealed his conviction and sentence, see 447 So.2d 1325, and subsequently brought a petition for mandamus against the trial judge in which he demanded that the trial judge be compelled to set aside the 45-year sentence and instead sentence him under the provisions of Code 1975, § 13A-5-6(a)(3).
The Court of Criminal Appeals issued the writ of mandamus in which the court ordered the trial judge to sentence the defendant to 10 years of imprisonment.
The legal issue involved in this case is identical to the legal issue involved in the case of Ex parte State of Alabama, In re William Lincoln Smith, (82-999), which was consolidated with it here in this Court. The judgment of the Court of Criminal Appeals is due to be affirmed on the same grounds we stated in affirming the judgment of the Court of Criminal Appeals in the Smith case.
 The state, in a reply brief, argues that mandamus relief was inappropriate in this case because Wakefield was appealing his conviction. As the state correctly points out, mandamus is not a substitute for an appeal, but we believe that under the particular facts of this case, mandamus was not inappropriate. Wakefield had indeed appealed his case, but he had been improperly sentenced to 45 years of imprisonment, and because of the length of his sentence, was not entitled to apply for bail pending his appeal under the provisions of Code 1975, § 12-22-170.
The Court of Criminal Appeals has the power to issue writs of mandamus in relation to matters in which it has appellate jurisdiction. Amendment 328, § 6.03, Constitution of Alabama 1901. Here, that appellate court, having correctly concluded that the trial judge had exceeded his authority in imposing a 45-year sentence, was authorized to order the trial court to correct the sentence. Otherwise, Wakefield could have remained incarcerated until the question was decided on his appeal. The remedy by appeal was therefore inadequate to prevent this undue injury. Cf. Alcoholic Beverage Control Board v. Taylor, 339 So.2d 66 (Ala.1976).
AFFIRMED.
CONCLUSION
In view of the foregoing, the judgments entered by the Court of Criminal Appeals in both of these cases are due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.