BOWEN, Judge,
concurring.
I agree that appellant’s conviction is due to be reversed for the Sandstrom error, but I disagree with the holding of Issue III that the statements made by the deceased, Lamar Smith, to his friend, Michael Howell, in July 1987, were admissible in a prosecution for a murder which occurred in November 1987.
These statements were hearsay because they were out-of-court utterances offered to prove the truth of the assertions that appellant “punch[ed] [the victim] around,” and that appellant “slammed the door on [the victim].” As hearsay, they could only be admissible under an exception to the hearsay rule.
The majority cites three reasons for their admissibility: they were relevant, they were part of the res gestae, and they tended to show appellant’s motive for killing the deceased.
The victim’s statements might be subject to a relevancy objection because they were made four months before the homicide. The relevancy question, as the majority points out, might be answered by the fact that “events leading up to the death of Smith were related to the reason for the final altercation which resulted in the death of Lamar Smith.” “The rule has been stated many times by the appellate courts of this State that in a prosecution for homicide, evidence of connected acts and transactions leading up to and explanatory of the killing is admissible.” Twilley v. State, 472 So.2d 1130, 1135 (Ala.Cr.App.1985). This “continuous transaction” rule, however, only answers a relevancy objection. It is not an exception to the hearsay rule.
“In respect to the relevancy of evidence, the general rule is, that it must be confined to the points in issue, and no circumstance is admissible, which does not tend to establish a fact material to the prosecution or defense, or from which no presumption or inference can be reasonably drawn in reference to a material fact or inquiry involved in the issue. It is often difficult to determine when a fact or circumstance is too remote to aid the jury in arriving at a conclusion on the issues to be tried. But it may be said generally, that all parts of one continuous transaction, though not shown to *1153 have any immediate connection with the offense — the culmination of all the circumstances — and facts, proximate to the consummation of the crime, which tend to shed light on the main inquiry, are admissible.” Jordan v. State, 81 Ala. 20, 1 So. 577, 584, 1886 (quoted in Twilley v. State, 472 So.2d at 1136) (emphasis added).
Had Howell testified that he saw appellant punch Smith or slam the door on Smith, the evidence would probably have been admissible over a relevancy objection, notwithstanding the fact that the events occurred four months prior to the killing, because the events led up to and were explanatory of the homicide. Howell did not, however, testify to his personal observation of these events, but to his hearing the victim recount the events. Thus, the evidence might have been relevant, but it was nevertheless hearsay.
Statements within the res gestae of an offense are admissible as exceptions to the hearsay rule, see generally C. Gamble, McElroy’s Alabama Evidence § 265.01 (3d ed.1977); E. Cleary, McCormick on Evidence § 288 (3d ed.1984), but it is clear that the statements at issue here, having been made four months prior to the homicide, do not fall within the res gestae. Compare Smith v. State, 447 So.2d 1334 at 1329 (Ala.1984), cited by the majority, wherein the events occurred the same night as the homicide. See also Reeves v. State, 456 So.2d 1156, 1159 (Ala.Cr.App.1984) (statement made during scuffle that resulted in kidnapping); Harville v. State, 386 So.2d 776 (Ala.Cr.App.1980) (statement made within minutes of murder).
Finally, motive is not an exception to the hearsay rule. Ex parte Bryars, 456 So.2d 1136 (Ala.1984). “Statements by a homicide victim indicating ill will toward the victim by the accused are inadmissible unless the statements are made in the presence and hearing of the accused or fall within some other exception to the hearsay rule.” Id. at 1139. See also Jones v. State, 174 Ala. 53, 57 So. 31, 34 (1911) (statement made by deceased several hours before the killing inadmissible); Freeman v. State, 505 So.2d 1079, 1086 (Ala.Cr.App.1986) (victim’s statements made several hours before his death did not fall within any exception to hearsay rule); Stockard v. State, 391 So.2d 1049, 1056 (Ala.Cr.App.1979), reversed on other grounds, 391 So.2d 1060 (Ala.1980) (same).
The statements here were not made within the presence of the appellant and do not fall within any other exception to the hearsay rule. They should be excluded, on proper motion, in the event appellant is retried.