LONG, Presiding Judge.
The appellant, Aimee Myers, was indicted for robbery in the first degree. Pursuant to a plea agreement, she pleaded guilty to the lesser included offense of robbery in the third degree and was sentenced to 15 years *929 in prison. Her sentence was split, and she was ordered to serve 18 months in confinement followed by five years on probation.
Although she did not raise the issue in the trial court, the appellant argues on appeal that her guilty plea should be set aside because, she says, her 15-year sentence exceeded the maximum authorized by statute.
“Robbery in the third degree is a Class C felony.” § 13A-8-43(b) Ala.Code 1975. The record reflects that the appellant used a pistol in the commission of the robbery and that the trial court applied the firearm enhancement provision of § 13A-5-6, Ala.Code 1975, when sentencing the appellant.
Section 13A-5-6 provides, in pertinent part:
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
[[Image here]]
“(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day.
[[Image here]]
“(5) Far a Class B or C felony in which a firearm or deadly weapon was used or attempted to he used in the commission of the felony, not less than 10 years.”
(Emphasis added.)
The provisions of § 13A-5-6(a)(3), when read together with those of § 13A-5-6(a)(5), have been construed to provide that the sentence for a Class C felony in the commission of which the defendant used a firearm is “exactly ten years — no more or no less.” Robinson v. State, 434 So.2d 292, 293 (Ala.Cr.App.1983), following Smith v. State, 447 So.2d 1327 (Ala.Cr.App.1983), aff'd, 447 So.2d 1334 (Ala.1984). “Section (5) must be construed to mean that the 10-year-term is both the minimum and maximum which can be imposed for a Class C felony [in which a firearm was used].” Smith v. State, 447 So.2d 1334, 1336 (Ala.1984). See also Colburn v. State, 494 So.2d 120, 123 (Ala.Cr.App.1985). The appellant’s 15-year sentence exceeded the maximum authorized by statute.
The Alabama Supreme Court in Ex parte Brannon, 547 So.2d 68 (Ala.1989), stated that “when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review.” Because the appellant’s sentence exceeded that authorized by statute, her guilty plea is due to be set aside. Therefore, the judgment of the trial court is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.