SHAW, Judge.
Joey Takashima Howard appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his April 2003 guilty-plea conviction for third-degree robbery and his resulting sentence, as a habitual felony offender, of 25 years’ imprisonment. Howard did not appeal from that conviction.
In his Rule 32 petition filed on July 13, 2004, Howard presented two arguments to the circuit court. The State filed a response, and the circuit court issued an order, summarily denying Howard’s Rule 32 petition. The circuit court’s order reads:
“The Court finds from the record that petitioner pled guilty to Robbery 3rd degree and was a habitual offender with 3 or more prior felonies and therefore, his sentence was within [the] range of punishment allowed.”
(C. 1.)
Our review of the record reveals that Howard was originally indicted for first-degree robbery; that his indictment was amended to charge third-degree robbery; that he entered a guilty plea to third-degree robbery; and that at the time he entered his guilty plea, he had been convicted of three prior felonies.
I.
In his first argument, Howard contends that the trial court did not have the authority to enhance his sentence under § 13A-5-6(a)(5) because, he says, third-degree robbery does not require the presence of a deadly weapon or a dangerous instrument and that the “Explanation of Rights and Plea of Guilty” form “reflects that [Howard was] sentence[d] under the firearm [or] deadly weapon statute.” (Howard’s brief at p. 5.) Howard attached as Exhibit A to his Rule 32 petition a copy of the “Explanation of Rights and Plea of Guilty” form he executed.
Although Howard argued in the circuit court and argues again in this Court that § 13A-5-6(a)(5) could not be applied to his sentence because, he says, third-degree robbery does not require the presence of a deadly weapon or dangerous instrument, our research reveals that § 13A-5-6(a)(5) can be applied to a sentence — regardless of whether the use of a firearm is an element of the offense — if the evidence shows that “a firearm or deadly weapon was used or attempted to be used in the *129 commission of the felony.” § 13A-5-6(a)(5).
In Rocker v. State, 443 So.2d 1316 (Ala. Crim.App.1983), this Court stated:
“Certain Class C felonies constitute great physical danger to the victim, or the public, if committed with a firearm, which makes it reasonable and rational for the legislature to group such felonies with the more serious Class B felonies for imposition of a mandatory minimum sentence when a firearm is used.
“Among such Class C felonies which increase the danger to the public when a firearm is used are: Manslaughter, § 13A-6-3; assault in the second degree, § 13A-6-21; rape in the second degree, § 13A-6-62; sodomy in the second degree, § 13A-6-64; sexual abuse in the first degree, § 13A-6-66; burglary third degree, § 13A-7-7; criminal mischief first degree, § 13A-7-21; breaking and entering a vehicle, § 13A-8 — 11(b)(3); extortion second degree, § 13A-8-15; robbery third degree, § 13A-8-4.3; impersonating a peace officer, § 13A-10-11; escape second degree, § 13A-10-32; escape third degree, § 13A-10-33; facilitating escape first degree, § 13A-10-34; hindering prosecution first degree, § 13A-10-43; and intimidating a witness, § 13A-10-123.”
443 So.2d at 1322 (emphasis added).
In Myers v. State, 715 So.2d 928 (Ala. Crim.App.1998), Myers was indicted for first-degree robbery, and she pleaded guilty to the lesser-included offense of third-degree robbery and was sentenced to 15 years’ imprisonment. On appeal, Myers argued that her 15-year sentence exceeded the maximum authorized by law. In reversing Myers’s sentence on the basis that it was excessive, this Court-stated:
“ ‘Robbery in the third degree is a Class C felony.’ . § 13A-8^3(b), Ala. Code 1975. The record reflects that the appellant used a pistol in the commission of the robbery and that the trial court applied the firearm enhancement provision of § 13A-5-6, Ala.Code-1975, when sentencing the appellant.
“The provisions of § 13A-5-6(a)(3), when read together with those of § 13A-5-6(a)(5), have been construed to provide that the sentence for a Class C felony in the commission of which the defendant used a firearm is ‘exactly ten years—no less.’ Robinson v. State, 434 So.2d 292, 293 (Ala.Cr.App.1983), following Smith v. State, 447 So.2d 1327 (Ala. Cr.App.1983), aff'd, 447 So.2d 1334 (Ala. 1984). ‘Section (5) must be construed to mean that the 10-year-term is both the minimum and maximum which can be imposed for a Class C felony [in which a firearm was used].’ Smith v. State, 447 So.2d 1334, 1336 (Ala.1984). See also Colburn v. State, 494 So.2d 120, 123 (Ala.Cr.App.1985). The appellant’s 15-year sentence exceeded the maximum authorized by statute.”
Myers, 715 So.2d at 929 (first emphasis original; • second emphasis added). Thus, Howard’s argument that § 13A-5-6(a)(5) could not be applied because the use of a firearm is not an element of third-degree robbery is meritless. Consequently, Howard is not entitled to any relief on this claim.
II.
In his second argument, Howard contends:
“[Howard] argues that he pleaded guilty on April 9th 2003, and was sentenced to 25 years. The trial court[’s] enhancement for ‘deliberate cruelty’ relied on facts that were neither admitted by petitioner nor found by a jury.”
*130 (C. 16.) Howard also contends that “the judge exceed[ed] his proper authority in the case at bar” because, he says, “[t]he jury has not found all the facts ‘which the law makes essential to the punishment.’ ” (C. 16.) However, because Howard does not pursue this argument on appeal, it is deemed to be abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala. Crim.App.1995) (“We will not review issues not listed and argued in brief.”).
III.
Howard also argues for the first time in his reply brief that “[w]e cannot be sure that the circuit judge based Howard’s 25-year term solely on the provisions of the [Habitual Felony Offender Act]” and that “it appears that the 25-year term was a combination of the 10-year minimum under [§ ] 13A-5-6(a)(5), plus the 15-year minimum under [§ ] 13A-5-9.” (Howard’s reply brief at p. 1.)
Section 13A-5-9, Ala.Code 1975, provides, in pertinent part:
“(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
“(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.”
Howard does not dispute that when he entered his guilty plea he had at least three prior felonies. Thus, the mandatory minimum sentence that Howard could have received under the Habitual Felony Offender Act (“the HFOA”), having three prior felonies, was 15 years’ imprisonment.
Section 13A-5-6, Ala.Code 1975, provides, in pertinent part:
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
“(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day.
“(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.”
Section 13A-5-6(a)(5) increases the mandatory minimum sentence for a Class C felony to 10 years’ imprisonment.
We note that the State argued the following in its response to Howard’s Rule 32 petition:
“5. The Exhibit A of [Howard’s] petition shows that he plead[ed] guilty as a habitual offender with three or more prior felonies. His range of punishment with the firearm[ ] enhancement was 20 years to 99 years or life[;] thus his 25 years sentence was within the range of punishment.
“6. The Exhibit A further shows that the petitioner understood that his sentence would be enhanced for the use of a firearm or deadly weapon, regardless of whether or not the use of a firearm is an element of the offense or not.”
(C. 22.) It appears that the State is arguing that both the HFOA and the firearm enhancement should have been applied in the present case. If, in fact, the State made this same argument to the trial court during Howard’s guilty-plea colloquy, the trial court may have improperly applied § 13A-5-6(a)(5) to Howard’s sentence by adding an additional 10 years to the mandatory minimum 15-year sentence under the HFOA — especially in light of the fact *131 that the section on the “Explanation of Rights and Plea of Guilty” form entitled “Enhanced Punishment For Use Of Firearm Or Deadly Weapon” was checked while the remaining sections describing enhancements or additional penalties had been marked out. (C. 18.)
However, Howard did not raise this claim in his petition. In fact, Howard did not raise this claim until he filed his reply brief with this Court. In Fincher v. State, 837 So.2d 876 (Ala.Crim.App.2002), this Court stated:
“Although we recognize that jurisdictional issues can be raised at any time, see Nunn v. Baker, 518 So.2d 711 (Ala. 1987), we likewise recognize that:
“ ‘ “A court of general jurisdiction proceeding within the scope of its powers will be presumed to have jurisdiction to give the judgments and decrees it renders until the contrary appears. So, a court of general jurisdiction is presumed to have acted within its powers, and the burden is on the accused affirmatively to show that it had no jurisdiction, unless facts showing want of jurisdiction affirmatively appear on the record.”
“‘22 C.J.S. Criminal Law § 174 (1989). “[A] court conducting a criminal proceeding is presumed to have jurisdiction, whether or not there are recitals in its record to show it.” 22A C.J.S. Criminal Law § 702 (1989).’
“Willingham v. State, 796 So.2d 440, 443 (Ala.Crim.App.2001) (emphasis added).
“No facts appear in the record that indicate that the trial court lacked jurisdiction to sentence Fincher as a habitual offender, and because Fincher did not include this claim in his Rule 32 petition, Fincher has obviously failed to affirmatively show such a lack of jurisdiction. This Court will not remand a case to the circuit court to hold an evidentiary hearing on a jurisdictional claim that was not presented in the petitioner’s Rule 32 petition unless facts appear in the record affirmatively showing a lack of jurisdiction. Of course, because this claim is jurisdictional in nature, Fincher may file another Rule 32 petition raising this claim; the claim will not be subject to the procedural bars in Rulé 32.2, Ala. R.Crim.P.; if pleaded properly, Fincher would be entitled to have an opportunity to present evidence to prove the claim. See Rule 32.3, Ala.R.Crim.P., and Ford v. State, 831 So.2d 641 (Ala.Crim.App. 2001). Therefore, Fincher is not without a remedy.”
837 So.2d at 881-82. The record in the present case does not affirmatively show that Howard’s sentence is illegal. Thus, based on this Court’s holding in Fincher, we will not remand this case to the- circuit court for a determination of whether Howard received an illegal sentence because the issue was not presented in his Rule 32 petition and the record does not affirmatively show that the trial court lacked jurisdiction to enter the sentence.
In light of the foregoing, we affirm the circuit court’s summary denial of Howard’s Rule 32 petition.
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ„ concur. BASCHAB, J., concurs in the result.