PER CURIAM.
The appellant, Carlton Reashard Lane, was convicted of murdering Christopher Toson, a violation of § 13A-6-2, Ala.Code 1975, and was sentenced pursuant to the Habitual Felony Offender Act (“HFOA”) to 120 years in the state penitentiary.
Lane does not challenge the sufficiency of the evidence to convict him; thus, only a brief recitation of the facts is necessary. The State’s evidence tended to show the following. On November 9, 2006, Lane, Keyonte Chick,[1] and Randy Pearson planned to rob a man named Chris because they believed that he had in his possession a large sum of money. Chick testified that the three drove past Nor-wood Homes, a housing project in Anni-ston. As they approached the housing project Lane told Pearson, who was driving, to stop the vehicle. Lane and Chick got out of the vehicle and approached a group of men — Toson, Joseph Ingram, Jaydee Turmon, and Travis Turner — who were sitting around the front of one of the apartments. Lane accused Toson of pulling a gun on him, and Lane appeared to reach into his pocket. Toson fled. Lane pulled a gun from his pocket and started firing at Toson as he was running away. Chick testified that he also fired his weapon but that he was pointing his gun in the air. Ingram, Turner, and Chick all testified that Lane was the shooter. Dr. Adel Shaker, the medical examiner, testified that Toson died as a result of a gunshot wound to his heart.
I.
Lane argues that the circuit court abused its discretion when it denied his request for a continuance to secure the testimony of Phillip Talley. Specifically, Lane argues that Talley could have testified that he overheard Chick tell someone that Chick was responsible for Toson’s death.
The record shows that, after the State rested, defense counsel informed the court that Talley would be their first defense witness. The circuit court noted that it would take six hours to transport Talley to the courthouse from the Ventress Correctional Facility in Clayton. The State questioned the value of Talley’s testimony, and the circuit court asked Lane to make an offer of proof as to Talley’s expected testimony. Lane informed the court that Talley would testify that he overheard Keyonte Chick say that he was responsible for Toson’s murder.[2] The circuit court refused to delay the trial after finding that Talley’s testimony would be inadmissible hearsay.
“To warrant a continuance on the ground that a witness is absent, it must be shown that the expected testimony of the witness is material and competent, that there is a probability that the evidence will be forthcoming if the case is continued, and that the moving party exercised due diligence to secure the evidence. Ex parte Saranthus, 501 So.2d 1256 (Ala.1986). Material evidence means ‘[e]vidence which has an effective influence or bearing on questions in issue.’ Black’s Law Dictionary 976 (6th ed. 1990). ‘Simply put, a “material” fact is one that would matter in *815 the trial on the merits.’ Sumner v. Sumner, 664 So.2d 718, 723 (La.App.1995). It must be shown that substantially favorable testimony would be given by the witness and that the denial of a continuance would materially prejudice the defendant. Whitehead v. State, 429 So.2d 641 (Ala.Cr.App.1982). In addition, it must be established that the expected testimony is not merely cumulative or in the nature of impeachment, and the motion for a continuance must not be made merely for purposes of delay. Mitchell v. Moore, 406 So.2d 347 (Ala.1981); Malone v. State, 659 So.2d 1006 (Ala.Cr.App.1995); McClellan v. State, 628 So.2d 1026 (Ala.Cr.App.1993); Prince v. State, 623 So.2d 355 (Ala.Cr.App.1992).”
Smith v. State, 698 So.2d 189, 205 (Ala.Crim.App.1996).
Lane argues that Talley’s testimony would have been admissible under Rule 801(d)(2), Ala. R. Evid., as an admission of a party opponent. Rule 801(d)(2), Ala. R. Evid., states:
“(2) Admission by Party Opponent. The statement is offered against a party and is (A) the party’s own statement in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party’s agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a cocon-spirator of a party during the course and in furtherance of the conspiracy.”
As the circuit court stated, Lane offered no explanation as to how Talley’s testimony fit within any exception to the hearsay rule. Also, “[t]o meet this requirement the statement must be offered against a party. The statement here was not offered against a party but was offered in [the defendant’s] defense.” Johnson v. State, 820 So.2d 842, 867 (Ala.Crim.App.2000). Lane failed to establish that Talley’s testimony would be admissible. Thus, the circuit court did not abuse its discretion in denying Lane’s request to delay the trial in order to transport Talley from the Ventress Correctional Facility in Clayton.
II.
Lane next argues that his sentence of 120 years is cruel and unusual punishment. Specifically, Lane contends that his sentence is disproportionate to the nature of his offense and is unconstitutional.
First, we must determine whether Lane’s sentence exceeds the limits set by statute. This Court has a duty to notice jurisdictional defects ex mero motu. See Nunn v. Baker, 518 So.2d 711 (Ala.1987). “A sentence that exceeds the maximum allowed by law is an illegal sentence affecting the trial court’s jurisdiction.” Wallace v. State, 959 So.2d 1161, 1165 (Ala.Crim.App.2006).
Lane was convicted of murder — a Class A felony. Section 13A-5-6(a), Ala.Code 1975, provides, in pertinent part:
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
“(1) For a Class A felony, for life or not more than 99 years or less than 10 years.”
However, Lane had two prior felony convictions and his sentence was due to be enhanced under the HFOA. Section 13A-5-9(b), Ala.Code 1975, states, in pertinent part:
*816 “(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he or she must be punished as follows:
[[Image here]]
(3) On conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not less than 99 years.”
Also, § 13A-5-2(a), Ala.Code 1975, provides: “Every person convicted of a felony shall be sentenced by the court to imprisonment for a term authorized by Sections 13A-5-6,13A-5-9, and 13A-5-10.”
This Court in Smith v. State, 447 So.2d 1327 (Ala.Crim.App.1983), considered whether the circuit court’s 45-year sentence for Smith’s conviction for manslaughter, a Class C felony where a firearm was used, was a legal sentence. The applicable statute, § 13A-5-6(a)(5), Ala.Code 1975, provided that the sentence should be for “not less than 10 years.” Section 13A-5-6(a)(3), provided that for a Class C felony the sentence not exceed 10 years. In finding that Smith’s sentence exceeded the statutory 10-year maximum, we stated:
“The defendant ... argues that subsection (a)(5) of Section 13A-5-6 fails to state a maximum term of imprisonment and is therefore unconstitutional. We find that this section is constitutional and that both maximum and minimum terms of imprisonment are provided by the statute. We reach this conclusion by the application of well settled principles of statutory construction. Generally, see D. Sands, Sutherland Statutes And Statutory Construction, Section 59.03 (4th ed. 1974).
[[Image here]]
“Statutes imposing penalties ‘must be strictly construed in favor of persons sought to be subjected to their operation’, Anderson v. City of Birmingham, 205 Ala. 604, 605, 88 So. 900 (1921), and ‘in favor of life and liberty.’ 24B C.J.S. Criminal Law, Section 1979 (1962). ‘However, even penal laws are not to be construed so strictly as to defeat the obvious intent of the legislature.’ McDonald v. State, 32 Ala.App. 606, 608, 28 So.2d 805 (1947). ‘(T)he interests of justice demand that criminal statutes not be construed irresponsibly. Unfortunate language or phrases within a statute, ... (do) not sanction a construction of that statute at odds with common sense and practicality of application.’ Nobis v. State, 401 So.2d 191, 196 (Ala.Cr.App.), cert. denied, Ex parte Nobis, 401 So.2d 204 (Ala.1981).
“Although ‘penal statutes are to reach no further in meaning than their words’, Fuller v. State, 257 Ala. 502, 505, 60 So.2d 202 (1952); Sexton v. State, 392 So.2d 1239, 1241 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1241 (Ala.1981), ‘every word and each section thereof must be given effect, if possible, and construed with the other sections in pari materia. ’ In re Ashworth, 291 Ala. 723, 726-27, 287 So.2d 843 (1974). ‘(P)arts of the same statute are in pari materia and each part is entitled to equal weight.’ Darks Dairy [Inc. v. Alabama Dairy Comm’n ], 367 So.2d [1378] at 1380-81 [ (Ala.1979) ]. ‘(S)tatutes must be read as whole’, Adams v. Mathis, 350 So.2d 381, 385 (Ala.1977), and not construed as isolated phrases or clauses. Darks Dairy, supra.
“If there is a conflict in the provisions of the same statute, the last provision in point of arrangement must control. Ashworth, supra; 24B C.J.S. Criminal Law, Section 1979 (1962). This is due to the principle of statutory construction which assumes that ‘in enacting the stat *817 ute the legislature had full knowledge and information as to prior and existing law on the subject of the statute.’ Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App.1977).
“ Tf a statute is susceptible to two constructions, one of which is workable and fair and the other unworkable and unjust, the court will assume that the legislature intended that which is workable and fair.’ State v. Calumet & Hecla Consolidated Copper[ Co.], 259 Ala. 225, 233-34, 66 So.2d 726 (1953). Statutes ‘should not be construed, however, as intending to prevent punishment unless no other alternative is permissible.’ 24B C.J.S. Criminal Law, Section 1979 (1962).
“ ‘A criminal statute must be definite and certain with respect to the punishment it is intended to impose.’ Smith v. United States, 145 F.2d 643, 644 (10th Cir.1944), cert. denied, 323 U.S. 803, 65 S.Ct. 563, 89 L.Ed. 641 (1945). Of particular importance in this case is the principle that the ‘constitutional validity of a particular statute is not affected merely because the statute does not expressly limit and fix the maximum penalty which may be imposed. It is sufficient if the maximum penalty is fixed by a general or related statute.’ Andreas v. Clark, 71 F.2d 908, 909 (9th Cir.1934); Palmer v. State, 168 Ala. 124, 53 So. 283 (1910); 22 C.J.S. Criminal Law, Section 25 (1961).
“Alabama has no general statute fixing the maximum penalty which may be imposed for a felony. Section 15-18-23, Alabama Code (1975), provided that ‘(w)hen no maximum limit to the duration of the imprisonment is prescribed by law, the court may, in its discretion, sentence the offender to imprisonment for the term of his natural life.’ Trone v. State, 366 So.2d 379 (Ala.Cr.App.1979). This section was repealed by our new Criminal Code.
“Applying these principles and rules of construction, we find that Section 13A-5-6 is definite and certain with respect to the punishments it intends to impose. We do find that it was misconstrued by the trial judge who mistakenly sentenced the defendant to a term of imprisonment in excess of that authorized by statute.
“Isolated from the remainder of the statute, subdivisions (4) and (5) of subsection (a) do establish minimum sentences without fixing maximum terms. Construing the statute as a whole, it is clear that those maximum terms are in fact supplied by subdivisions (1), (2) and (3) of subsection (a). Any confusion created by the failure of subdivisions (4) and (5) to specifically state the maximum limits of imprisonment must be imputed to the fact that these subdivisions were added by subsequent amendment. Because the new subdivisions neither repeal nor contradict the existing provisions of Section 13A-5-6, the maximum sentences of the existing provisions of the statute must govern if the statute is to be construed as a whole giving effect to each portion and every word thereof. This is the only reasonable and just construction available.”
447 So.2d at 1332-34. The Alabama Supreme Court in affirming this Court’s decision in Smith, stated:
“We agree with the opinion of the Court of Criminal Appeals. Under § 13A-5-6(a)(3) the term of imprisonment may be set at not more than 10 years. Under section (5) if a deadly weapon is used the sentence must be for at least 10 years. Section (5) must be construed to mean that the 10-year-term is both the minimum and maximum sentence which can be imposed for a Class C felony. We have very carefully considered the forceful argument made by the state that a *818 sentencing statute which sets a minimum sentence but specifically sets no maximum, implicitly sets a maximum sentence of life imprisonment, but we are persuaded that the reasoning by the Court of Criminal Appeals is correct and that the judgment of that court is due to be affirmed.”
Smith v. State, 447 So.2d 1334, 1335-36 (Ala.1984).
As Smith counsels, “rules and statutes relating to the same subject matter must be read in pari materia, thus allowing for legal harmony where possible.” State ex rel. Daw, 786 So.2d 1134, 1136 (Ala.2000). We must read § 13A-5-9(a)(3), in conjunction with § 13A-5-6, Ala.Code 1975. Accordingly, the only sentences available for Lane were either 99 years’ imprisonment or life; the 120-year sentence imposed by the circuit court exceeded the statutory maximum.[3]
This interpretation is consistent with Rule 14.4, Ala. R.Crim. P., the rule governing the acceptance of a guilty plea. We have consistently held that a defendant must be apprised of the correct minimum and maximum sentence before pleading guilty. See White v. State, 4 So.3d 1208 (Ala.Crim.App.2008); Gordon v. State, 692 So.2d 869 (Ala.Crim.App.1996). This right is incorporated into Rule 14.4(a)(1)(ii), Ala. R.Crim. P., which states that before pleading guilty the defendant must be advised of “[t]he mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions.” The “Explanation of Rights and Plea of Guilty Form,” attached as an appendix to Alabama Rules of Criminal Procedure sets out the sentence range for a Class A felony where there are two prior felony convictions as “life imprisonment or any term of years not less than 99.” Rule 14.4(d), Ala. R.Crim. P., further states that “[t]he court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form C-44B, CR-51, CR-52, or Form C-44A, as the case may be.” See also Carter v. State, 853 So.2d 1040, 1041 (Ala.Crim.App.2002) (“The maximum sentence for a conviction of first-degree robbery, a Class A felony, with two prior felony convictions, is life imprisonment or imprisonment for a term of not less than 99 years.”); Craig v. State, 645 So.2d 349, 351 (Ala.Crim.App.1994) (“Assuming that Craig had had two prior felony convictions, the sentence for a first degree robbery conviction would.have been life imprisonment or a term of not less than 99 years.”).
Accordingly, this case is remanded to the Calhoun Circuit Court for that court to resentence Lane in accordance with the terms set out in this opinion. Due return should be filed'in this Court within 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
WELCH and KELLUM, JJ„ concur.
WISE, P.J., concurs in the result.
WINDOM and MAIN, JJ., concur in part and dissent in part, with opinions.

. Chick was also charged with murder for the killing of Toson. In exchange for his testimony at Lane’s trial, Chick agreed to plead guilty and the State would recommend a sentence of 20 years.

. Other grounds were presented as to why Talley should testify, but those grounds are not pursued on appeal.

. Although in his brief Lane concedes that his sentence falls within the range provided by-statute, a party cannot agree or consent to waive a jurisdictional defect. See Bradley v. State, 925 So.2d 232, 241 (Ala.2005).