LYONS, Justice.
 

 Carlton Reashard Lane was convicted in March 2008 of murder in the death of Christopher Toson, see § 13A-6-2, Ala. Code 1975. The trial court sentenced him to 120 years’ imprisonment pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”).
 
 [1]
 
 The Court of Criminal Appeals affirmed his conviction but reversed his sentence and remanded the case for the trial court to resentence Lane.
 
 Lane v. State,
 
 66 So.3d 812 (Ala.Crim.App.2009). Judge Windom and Judge Main dissented from the decision to reverse Lane’s sentence. On remand, the trial court resentenced Lane to 99 years’ imprisonment. On return to remand, the Court of Criminal Appeals affirmed Lane’s sentence, without an opinion, with Judge Windom and Judge Main again dissenting.
 
 Lane v. State,
 
 66 So.3d 812, 823, 824 (Ala.Crim.App.2009). The State then petitioned this Court for certiorari review. We granted the State’s petition to review a question of first impression concerning the interpretation of § 13A-5-9(b)(3) of the HFOA, in particular the language authorizing imprisonment “for any term of not less than 99 years” as an alternative to imprisonment for life. We reverse and remand.
 

 The Court of Criminal Appeals summarized the evidence presented at trial as follows:
 

 “On November 9, 2006, Lane, Keyonte Chick, and Randy Pearson planned to rob a man named Chris because they believed that he had in his possession a large sum of money. Chick testified that the three drove past Norwood Homes, a housing project in Anniston. As they approached the housing project Lane told Pearson, who was driving, to stop the vehicle. Lane and Chick got out of the vehicle and approached a group of men — Toson, Joseph Ingram, Jaydee Turmon, and Travis Turner— who were sitting around the front of one of the apartments. Lane accused Toson
 
 *826
 
 of pulling a gun on him, and Lane appeared to reach into his pocket. Toson fled. Lane pulled a gun from his pocket and started firing at Toson as he was running away. Chick testified that he also fired his weapon but that he was pointing his gun in the air. Ingram, Turner, and Chick all testified that Lane was the shooter. Dr. Adel Shaker, the medical examiner, testified that Toson died as a result of a gunshot wound to his heart.”
 

 66 So.3d at 814 (footnote omitted).
 

 In challenging his sentence on appeal, Lane argued that his sentence of 120 years constitutes cruel and unusual punishment. The Court of Criminal Appeals stated that before it could address Lane’s argument, it must first determine whether his sentence exceeded statutory limits because, it said, if his sentence exceeded the maximum allowed by law, it would be an illegal sentence, which would affect the trial court’s jurisdiction.
 
 [2]
 

 Wallace v. State,
 
 959 So.2d 1161, 1165 (Ala.Crim.App.2006). The Court of Criminal Appeals then sua sponte reversed the trial court’s judgment sentencing Lane to 120 years’ imprisonment and remanded the case for the trial court to resentence him to a term of 99 years or life imprisonment, finding that Lane’s sentence exceeded what the Court of Criminal Appeals determined to be the statutory 99-year maximum permitted by § 18A-5-9(b)(S) of the HFOA. Section 13A-5-9(b) provides:
 

 “(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
 

 [[Image here]]
 

 “(3) On conviction of a Class A felony, he must be punished by
 
 imprisonment for life or for any term of not less than 99 years.”
 

 (Emphasis added.) The Court of Criminal Appeals held that the phrase “for any term of not less than 99 years” means that 99 years is the maximum sentence under the statute.
 

 The Court of Criminal Appeals applied the rationale of
 
 Smith v. State,
 
 447 So.2d 1327 (Ala.Crim.App.1983),
 
 aff'd,
 
 447 So.2d 1334 (Ala.1984). In
 
 Smith,
 
 the Court of Criminal Appeals considered whether the trial court’s 45-year sentence for Smith’s conviction for manslaughter, a Class C felony involving the use of a firearm, was a legal sentence. Smith was sentenced pursuant to § 13A-5-6(a)(5), Ala.Code 1975, a firearms-enhancement provision, under which the sentence for a Class C felony committed using a firearm or deadly weapon is “not less than 10 years.” However, § 13A-5-6(a)(3) provided that a sentence for a Class C felony must not exceed 10 years. In finding that Smith’s sentence exceeded the 10-year maximum provided by the statute, the court construed the language “not less than 10 years” to mean that 10 years was both the minimum and the maximum sentence under § 13A-5-6.
 

 “ ‘A criminal statute must be definite and certain with respect to the punishment it is intended to impose.’
 
 Smith v. United States,
 
 145 F.2d 643, 644 (10th Cir.1944), cert. denied, 323 U.S. 803 (1945). Of particular importance in this case is the principle that the ‘constitutional validity of a particular statute is not affected merely because the statute does not expressly limit and fix the maximum penalty which may be imposed. It is sufficient if the maximum penalty is fixed by a general or related statute.’
 

 
 *827
 

 Andreas v. Clark,
 
 71 F.2d 908, 909 (9th Cir.1934) [other citations omitted].
 

 “Alabama has no general statute fixing the maximum penalty which may be imposed for a felony....
 

 “Applying these principles and rules of construction, we find that Section 13A-5-6 is definite and certain with respect to the punishments it intends to impose. We do find that it was misconstrued by the trial judge who mistakenly sentenced the defendant to a term of imprisonment in excess of that authorized by statute.
 

 “Isolated from the remainder of the statute, subdivisions (4) and (5) of subsection (a) do establish minimum sentences without fixing maximum terms. Construing the statute as a whole, it is clear that those maximum terms are in fact supplied by subdivisions (1), (2) and (3) of subsection (a). Any confusion created by the failure of subdivisions (4) and (5) to specifically state the maximum limits of imprisonment must be imputed to the fact that these subdivisions were added by subsequent amendment. Because the new subdivisions neither repeal nor contradict the existing provisions of Section 13A-5-6, the maximum sentences of the existing provisions of the statute must govern if the statute is to be construed as a whole giving effect to each portion and every word thereof. This is the only reasonable and just construction available.”
 

 447 So.2d at 1332-34.
 

 Turning to the statutes under which Lane was sentenced, the Court of Criminal Appeals read § 13A-5-9(b)(3)
 
 in pari materia
 
 with § 13A-5-6(a), which provides the following sentencing range for a Class A felony such as murder:
 

 “(a) Sentences for felonies shall be for a definite term of imprisonment ... within the following limitations:
 

 “(1) For a Class A felony, for life or not more than 99 years or less than 10 years.”
 

 Applying the rationale of
 
 Smith,
 
 the Court of Criminal Appeals held that “the only sentences available for Lane were either 99 years’ imprisonment or life; the 120-year sentence imposed by the circuit court exceeded the statutory maximum.” 66 So.3d at 818.
 

 The State contends that the plurality opinion of the Court of Criminal Appeals
 
 [3]
 
 did not address critical language, in the HFOA that is missing from the statute that was at issue in
 
 Smith,
 
 specifically, the language in § 13A-5-9(b)(3) requiring that a defendant with two prior felonies who is convicted of a Class A felony be sentenced to
 
 “any term
 
 of not less than 99 years.” (Emphasis added.) The State maintains that in reversing Lane’s 120-year sentence the plurality disregarded the plain meaning of the statute.
 

 This Court’s inquiry is governed by well settled principles of statutory construction.
 

 “ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute.
 
 League of Women Voters v. Renfro,
 
 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment,
 
 we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices,
 
 264 Ala. 176, 85 So.2d 391 (1956).’
 

 “Darks Dairy, Inc. v. Alabama Dairy Comm’n,
 
 367 So.2d 1378, 1380 (Ala.1979)
 
 *828
 
 (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction.
 
 Ex parte Waddail,
 
 827 So.2d 789, 794 (Ala.2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided.
 
 Ex parte Meeks,
 
 682 So.2d 423 (Ala.1996).”
 

 City of Bessemer v. McClain,
 
 957 So.2d 1061, 1074-75 (Ala.2006). “When a court construes a statute, ‘[wjords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.’ ”
 
 Ex parte Berryhill,
 
 801 So.2d 7, 10 (Ala.2001) (quoting
 
 IMED Corp. v. Systems Eng’g Assocs. Corp.,
 
 602 So.2d 344, 346 (Ala.1992)).
 

 Judge Windom, in her special writing, faulted the plurality for rejecting the plain meaning of § 13A-5-9(b)(3). She explained:
 

 “The statute sets the maximum sentence at life and the minimum sentence at 99 years. Further, by using the phrase ‘any term of not less than 99 years’ the legislature clearly authorized circuit courts to sentence an individual to any term of years between 99 years and life in prison. Thus, § 13A-5-9(b)(3) provides that the sentencing range for an individual who has two prior felony convictions and is convicted of a Class A felony is 99 years to life. The language is plain and unambiguous and leaves no room for judicial interpretation.
 

 “Applying the plain language of § 13A-5-9(b)(3), Lane’s sentence of 120 years in prison is within the statutory range of sentences available to individuals convicted of a Class A felony with two prior felonies. Lane’s 120-year sentence, which leaves him eligible for parole, does not exceed a sentence of life in prison. Likewise, Lane’s 120-year sentence does not fall below 99 years. Thus, Lane’s 120-year sentence is within the range of sentences authorized by § 13A-5-9(b)(3).”
 

 66 So.3d at 819-20 (footnotes and citations omitted).
 

 In her special writing, Judge Windom points out that the statute governing sentences for felonies, § 13A-5-6, contains a separate subsection, § 13A-5-6(a)(3), stating that the sentencing range for a Class C felony is “not more than 10 years or less than 1 year and 1 day,” in addition to the firearms-enhancement subsection, § 13A-5-6(a)(5). According to Judge Windom, the court in
 
 Smith
 
 correctly read subsection (a)(3) together with subsection (a)(5) to conclude that the statute established both a maximum and a minimum sentence of 10 years. Of course, as Judge Windom notes, no provision similar to § 13A-5-6(a)(3) appears in the HFOA.
 

 “This court’s holding in
 
 [Smith
 
 ], however, has no application to Alabama’s Habitual Felony Offender Act. Unlike the firearm or deadly-weapon enhancement contained in § 13A-5-6(a)(5), which affects only the minimum sentence for Class B and Class C offenders, Alabama’s Habitual Felony Offender Act enhances both the minimum and the maximum sentences available for habitual felons.
 
 Compare
 
 § 13A-5-6(a)(5) (the sentence for ‘a Class B or C felony in which a firearm or deadly weapon was used [shall be]
 
 not less than 10 years’
 
 (emphasis added))
 
 with
 
 § 13A-5-9(b)(3), Ala.Code 1975 (‘On conviction of a Class A felony, [the defendant] must be punished by imprisonment for life or
 
 for any term of not less than 99 years.’
 
 
 *829
 
 (emphasis added)). More importantly, unlike the firearm or deadly-weapon enhancement contained in § 13A-5-6(a)(5), which contains no maximum sentence and thus must be read
 
 in pari materia
 
 with subsection (a)(3) of the same statute to ascertain both a maximum and minimum range of sentences, § 13A-5-9(b)(3), Ala.Code 1975, specifies both a minimum and a maximum sentence, i.e., 99 years to life. Accordingly, unlike the firearm or deadly-weapon enhancement, there is no need to read § 13A-5-9(b)(3), Ala.Code 1975,
 
 in pari materia
 
 with other statutes to ascertain the statutory minimum and maximum sentence.”
 

 66 So.3d at 821. As Judge Windom notes, no provision similar to § 13A-5-6(a)(3), the basis for the conclusion in
 
 Smith
 
 of a limitation to a fixed number of years appears in the statute before us.
 

 Judge Main, in his special writing, agreed that
 
 Smith
 
 properly recognized that the firearm-enhancement provision of the statute increased only the minimum possible punishment but still fell within the constraints of the maximum possible punishment as set out in other subsections of the same statute, and he also found the plurality’s reliance on
 
 Smith
 
 unpersuasive.
 

 “[UJnlike the firearm enhancement at issue in
 
 Smith,
 
 the HFOA is not contained in § 13A-5-6, but rather is codified as a separate statute at § 13A-5-9. Further, the recidivist statute at § 13A-5-9 contains clear and unambiguous language evidencing the Alabama Legislature’s intent that offenders sentenced under the HFOA be subjected to a different range of punishment than those sentenced pursuant to the general felony range in § 13A-5-6. If § 13A-5-9 must be read
 
 in pari materia
 
 with § 13A-5-6 and interpreted in the manner expressed in the main opinion to reach the conclusion reached in the main opinion, then arguably the overwhelming majority of the subsections of the HFOA are invalid because all but one of those subsections increase the minimum
 
 and
 
 maximum range of punishment above that contained in § 13A-5-6. Sections 13A-5-9(a)(l), (b)(1), and (c)(1), each increase the maximum punishment above that prescribed in § 13A-5-6(a)(3), for a conviction for a Class C felony. Sections 13A-5-9(a)(2), (b)(2), and (c)(2), each increase the maximum punishment above that prescribed in § 13A-5-6(a)(2) for a conviction for a Class B felony. Sections 13A-5-9(c)(3) and (e)(4) each increase the maximum punishment above that prescribed in § 13A-5-6(a)(l) for a conviction for a Class A felony. Only § 13A-5-9(a)(3) ... raises the minimum punishment without deviating from the maximum punishment expressed in § 13A-5-6(a)(l).
 

 “The language in the statute is unambiguous. Applying the well settled principles of statutory construction, I must conclude that the plain language of the statute sets a minimum punishment (some numerical term of years not less than 99, without placing any numerical cap on the sentence that may be imposed), and a maximum punishment (life in prison). Any other construction of this statute would require the removal of the words ‘for any term of not less than.’ Thus, I believe that the 120-year sentence imposed in this case is within the statutory range of punishment.”
 

 66 So.3d at 822-23 (footnote omitted).
 

 We agree with Judge Windom and Judge Main that § 13A-5-9(b)(3) is unambiguous and that in reversing Lane’s sentence the Court of Criminal Appeals disregarded the plain meaning of the statute. Based on the reasoning in their special writings, we conclude that the phrase “for any term of not less than 99 years” means that the sentencing options for a defendant
 
 *830
 
 with two prior felony convictions who is sentenced pursuant to the HFOA are a minimum sentence of 99 years, a maximum sentence of life imprisonment, and any term of years between the minimum and the maximum, i.e., any term in excess of 99 years. Lane was sentenced to 120 years; therefore, his sentence is within the prescribed statutory range of punishment.
 

 Because the Court of Criminal Appeals erred in holding that Lane’s sentence exceeded the statutory maximum, we reverse the judgment of the Court of Criminal Appeals. We remand the case for that court to address Lane’s argument that his sentence constitutes cruel and unusual punishment in violation of the United States Constitution.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . Lane had two prior felony convictions.
 

 [2]
 

 . A court has a duty to notice jurisdictional defects ex mero motu. See
 
 Nunn v. Baker,
 
 518 So.2d 711 (Ala.1987).
 

 [3]
 

 . Judge Welch and Judge Kellum concurred in the per curiam opinion; Presiding Judge Wise concurred in the result; and Judge Windom and Judge Main concurred in part and dissented in part.