After Remand from the Alabama Supreme Court
 

 PER CURIAM.
 

 The Alabama Supreme Court in
 
 Lane v. State,
 
 66 So.3d 824 (Ala.2010), reversed this Court’s decision in
 
 Lane v. State,
 
 66 So.3d 812 (Ala.Crim.App.2009), and adopted the views expressed in the dissenting opinions authored by Judge Windom and Judge Main. The Court held that Lane’s 120-year sentence was within the statutory range set out in § 13A-5-9(b)(3), Ala.Code 1975, and that Lane, a third-time felony offender, was correctly sentenced for a Class A felony to a term in excess of 99 years. The Supreme Court remanded the case to this Court and directed that we address Lane’s claim that his 120-year sentence constitutes cruel
 
 *831
 
 and unusual punishment in violation of the Eighth Amendment to the United States Constitution.
 

 “The Eighth Amendment ... contains a ‘narrow proportionality principle’ that ‘applies to noncapital sentences.’ ”
 
 Ewing v. California,
 
 538 U.S. 11, 17, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), quoting
 
 Harmelin v. Michigan,
 
 501 U.S. 957, 996-97, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). We recognized this limited principle in
 
 Wilson v. State,
 
 830 So.2d 765 (Ala.Crim.App.2001).
 

 In
 
 Wilson,
 
 a majority of this Court held that a first-time offender’s sentence of life imprisonment without the possibility of parole for selling a substance containing morphine constituted cruel and unusual punishment. We noted that in order to conduct a full-scale
 
 Solem v. Helm,
 
 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), analysis we must first determine whether the sentence is grossly disproportionate to the crime for which the defendant is being sentenced.
 

 “Application of
 
 Harmelin [v. Michigan,
 
 501 U.S. 957 (1991),] mandates that we make a threshold determination in this case by considering whether the mandatory sentence of life imprisonment without parole imposed in Wilson’s case is grossly disproportionate to her crime. To perform this analysis, we must consider the gravity of the offense and the harshness of the punishment.
 
 Solem
 
 [v.
 
 Helm,]
 
 463 U.S. [277] at 290-91, 103 S.Ct. 3001 [ (1983) ]. The United States Supreme Court noted in
 
 Solem
 
 that no single factor determines when a sentence is grossly disproportionate, and it offered a nonexhaustive list of factors to be considered when a court is assessing the severity of a crime.
 
 These factors include consideration of the circumstances of the crime, the harm caused to the victim or to society, the culpability of the offender, and the offender’s motive in committing the crime. Id.
 
 at 290-94, 103 S.Ct. 3001.”
 

 830 So.2d at 778 (emphasis added).
 
 See Smallwood v. Johnson,
 
 73 F.3d 1343, 1347-48 (5th Cir.1996) (“In light of
 
 Harmelin [v. Michigan,
 
 501 U.S. 957 (1991) ], it appears that
 
 Solem
 
 is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross dispropor-tionality.’ ”).
 

 Clearly, Lane’s sentence does not meet this threshold inquiry — it is not grossly disproportionate to the crime for which Lane was sentenced — murder. Lane was convicted and sentenced under the Habitual Felony Offender Act to 120 years’ imprisonment for intentionally murdering Christopher Toson by shooting him in the chest. “Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation’s history.”
 
 Harmelin v. Michigan,
 
 501 U.S. 957, 994-95, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).
 

 “ ‘It is well settled that “[w]here a trial judge imposes a sentence within the statutory range, this Court will not disturb that sentence on appeal absent a showing of an abuse of the trial judge’s discretion.”
 
 Alderman v. State,
 
 615 So.2d 640, 649 (Ala.Crim.App.1992). “The exception to this general rule is that ‘the appellate courts may review a sentence, which, although within the prescribed limitations, is so disproportionate to the offense charged that it constitutes a violation of a defendant’s Eighth Amendment rights.’ ”
 
 Brown [v. State,
 
 611 So.2d 1194,] 1197, n. 6 [ (Ala.Crim.App.1992) ], quoting
 
 Ex parte Maddox,
 
 502 So.2d 786, 789 (Ala.1986).”
 

 
 *832
 

 “Adams v. State,
 
 815 So.2d 583, 585 (Ala.Crim.App.2001).
 

 “Ware was given a heightened sentence under the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975. Legislatively mandated sentences carry a presumption of validity.
 
 McLester v. State,
 
 460 So.2d 870, 874 (Ala.Crim.App.1984). ‘ “Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes...."' 460 So.2d at 874, quoting
 
 Solem v. Helm,
 
 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). ‘ “ ‘Where the punishment prescribed by the legislature is severe merely by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment.’ ” ’
 
 Wilson v. State,
 
 427 So.2d 148, 152 (Ala.Crim.App.1983) (quoting
 
 Watson v. State,
 
 392 So.2d 1274, 1277 (Ala.Crim.App.1980), quoting in turn
 
 Ex parte Messelt v. State,
 
 351 So.2d 636, 639 (Ala.Crim.App.1977)). Likewise, this Court has held that the Habitual Felony Offender Act does not violate the Cruel and Unusual Punishment Clause of the Eighth Amendment. See
 
 Watson v. State,
 
 392 So.2d 1274 (Ala.Crim.App.1980).”
 

 Ware v. State,
 
 949 So.2d 169, 183 (Ala.Crim.App.2006). Lane’s 120-year sentence does not constitute cruel and unusual punishment; therefore, Lane is due no relief on this claim.
 

 AFFIRMED.
 

 WISE, P.J., and WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.